IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

|  |  |
|---|---|
| WESTERN WATERSHEDS PROJECT *et al.*, | |
| Plaintiffs, | |
| v. | |
| THOMAS J. VILSACK *et al.*, | Civil No. 22-cv-00214-SWS |
| Federal Defendants, | |
| and | |
| STATE OF WYOMING, | |
| Intervenor-Defendant. | |

## JOINT CASE MANAGEMENT PLAN

1. The names of counsel or pro se parties who attended the Rule 26(f)[1] meeting and assisted in developing this Case Management Plan.

**Response:**

For Plaintiffs:

Megan Backsen, *pro hac vice* granted
Western Watersheds Project
P.O. Box 6774
Reno, NV 89503
Tel: (719) 207-2493
Email: megan@westernwatersheds.org

---

[1] Because this is an action for review on an administrative record under Rule 26(a)(1)(b)(i), no Rule 26(f) meeting was required. Instead, the parties met and conferred regarding contents of the administrative record, related motion practice, and scheduling conflicts.

Matthew Sandler, *pro hac vice* granted
Rocky Mountain Wild
1536 Wynkoop St. Suite 900
Denver, CO 80202
303-579-5162
matt@rockymountainwild.org

Jennifer Schwartz, *pro hac vice* granted
WildEarth Guardians
P.O. Box 12086
Portland, OR 97213
jschwartz@wildearthguardians.org

John Persell (WY Bar #7-4672)
309 N Holland St
Portland, OR 97217
(503) 896-6472
john.persell@gmail.com

For Federal Respondents:

Erika Norman, *pro hac vice* granted
Senior Trial Attorney
Robert Norway, *pro hac vice* granted
Trial Attorney
Environment and Natural Resources Division
U.S. Department of Justice
150 M Street, NE
Washington, D.C. 20002
Tel: 202-305-0475 (Norman); 202-307-1145 (Norway)
Email: Erika.norman@usdoj.gov; robert.m.norway@usdoj.gov

Jasmine M. Peters (WY Bar #7-5714)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY   82003-0668
Tel: 307-772-2124
jasmine.peters@usdoj.gov

For Respondent-Intervenor:

Travis Jordan, WSB #7-5721
Senior Assistant Attorney General
Shannon Leininger, WSB #8-6932
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
(307) 777-7895 (phone)
(307) 777-3542 (fax)
travis.jordan@wyo.gov
shannon.leininger@wyo.gov

    2.    A list of the parties in the case, including any parent corporations or entities (for recusal purposes).

**Response:**

Petitioners:

Western Watersheds Project

Rocky Mountain Wild

WildEarth Guardians

Federal Respondents:

Thomas J. Vilsack, in his official capacity as Secretary of Agriculture; and

United States Forest Service.

Respondent-Intervenor:

State of Wyoming

    3.    List any cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.

**Response:** This case was originally filed in the United States District Court for the District of Columbia, case number 1:21-cv-03056. Concurrent with the Complaint, Plaintiffs filed a

Notice of Related Case (ECF No. 2) asserting common issues of fact between the instant case and *WildEarth Guardians et. al v. U.S. Fish and Wildlife Service et. al.*, case number 1: 21-cv-2864 (D.D.C.). On March 11, 2022, Judge Moss of the District Court for the District of Columbia issued an Order (ECF No. 22) finding the cases were not related.

  4. A short statement of the nature of the case (2 pages or less), including a description of the claims and defenses.

  **Response:** This case challenges a 2020 decision by the United States Forest Service to amend the land and resource management plan for the Thunder Basin National Grassland in Wyoming. The 2020 Plan Amendment eliminates a Management Area specially designated as Black-Footed Ferret Reintroduction Habitat. The amendment also alters federal agency management of black-tailed prairie dogs—the ferrets' prey—to allow increased poisoning and recreational shooting and reduces the maximum prairie dog colony acreage within the management area from 33,000 acres to 10,000 acres (or 7,500 acres in drought years).

  Plaintiffs claim that USFS's 2020 elimination of the Black-Footed Ferret Reintroduction Habitat Management Area, its delegation of black-footed ferret reintroduction authority to the State of Wyoming, and its authorization of increased poisoning and shooting of prairie dogs on the Grassland violate Defendants' affirmative duty to "carry[] out programs for the conservation of endangered and threatened species" under Section 7(a)(1) of the Endangered Species Act ("ESA"). 16 U.S.C. 1536(a)(1).

  Plaintiffs further claim that USFS's Environmental Impact Statement ("EIS") and Record of Decision ("ROD") for the 2020 Plan Amendment violate the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq.*, by stating an impermissibly narrow and unreasonable purpose and need, failing to consider a range of reasonable alternatives, and failing to take a hard

look at impacts to black-tailed prairie dogs, multiple species dependent on prairie dog colonies for habitat, and potential black-footed ferret reintroduction efforts.

Finally, Plaintiffs claim that the 2020 Plan Amendment for the Grassland violates the National Forest Management Act ("NFMA"), 16 U.S.C. §§ 1600 *et seq.*, by failing to provide ecological conditions necessary to contribute to the recovery of federally listed endangered and threatened species, by failing to provide ecological conditions necessary to maintain viable populations of prairie dog-obligate species, and by failing to maintain or restore the ecological integrity of the plan area.

Federal Respondents deny that the United States Forest Service violated ESA, NEPA, or NFMA when it amended the land and resource management plan for the Thunder Basin National Grassland.

5. A statement describing the basis for jurisdiction and citing specific jurisdictional statutes. If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides. *If a party is a partnership or limited liability company, and the pleadings do not allege the citizenship of the partners/members, the parties shall include a statement of whether all partners/members are diverse from the opposite side.*

**Response:** This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 (federal question) and 16 U.S.C. § 1540(c), (g) ("ESA"), and may issue a declaratory judgment and relief pursuant to 28 U.S.C. §§ 2201–02 and 16 U.S.C. § 1540 ("ESA"). Plaintiffs bring this

action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the ESA citizen suit provision, 16 U.S.C. § 1540(g), both of which waive Defendants' sovereign immunity.

6.A list of any parties who have not been served, and an explanation of why they have not been served. Also, a list of any parties who have been served, but have not answered or otherwise appeared.

**Response:** None.

7.A statement of whether any party expects to add additional parties to the case or otherwise amend the pleadings (the Court will set a deadline to join parties or amend pleadings at the conference).

**Response:** The parties do not expect to add additional parties or otherwise amend the pleadings; however, all parties reserve the right to amend should new information or claims be discovered.

8.Whether there are dispositive or partially dispositive issues appropriate for decision by motion or by agreement.

**Response:**The parties agree that this case seeks judicial review of agency actions under the APA and do not anticipate that a trial will be appropriate or required in this case. Rather, pursuant to *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1580 (10th Cir. 1994) and Local Rule 83.6(c), this review of agency action will be processed as an appeal pursuant to the Federal Rules of Appellate Procedure.

9.Whether the parties have complied with self-executing discovery (initial disclosures) as required by Rule 26(a).

**Response:**  Because this is an action for review on an administrative record, this case is exempt from the requirement to provide initial disclosures, and the parties will neither seek nor provide initial disclosures.  Fed. R. Civ. P. 26(a)(1)(B)(i).

10. Whether the parties can stipulate to any facts to avoid or minimize discovery; the nature and type of discovery each party intends to pursue, whether proportionality of discovery is an issue, whether the parties anticipate any issues with discovery of electronically stored information (ESI), and whether the discovery should be limited in any manner.

**Response:**  The parties agree that this case, which challenges agency actions under the APA, is subject to the record review rule and therefore do not anticipate the need for any extra-record discovery concerning the challenged decision.  If any party subsequently determines that it might need discovery for any purpose, that party will make a motion for leave of the Court to conduct such discovery.

The United States has already prepared and served a copy of the administrative record on Plaintiffs and filed a certified list of the contents of the administrative record in the District of Columbia on May 13, 2022.  Plaintiffs raised a number of issues with the administrative record and the parties have already and will continue to meet and confer and work in good faith to address any and all issues concerning the adequacy, scope, and/or content of the administrative record amongst themselves.  The parties propose the United States lodge a copy of the administrative record, as supplemented, in the District of Wyoming by November 22, 2022.  Per Local Rule 83.6(b)(3), motions regarding the content of the administrative record will be filed no later than fourteen (14) days after the final administrative record is lodged with this Court.

11. Proposed specific dates for each of the following, keeping in mind that trial should occur within approximately nine (9) months from the date of the Initial Pretrial Conference, unless

there are unusual or unique circumstances. Parties should be prepared to address any issues that require additional time at the Initial Pretrial Conference.

      a.      Proposed dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);

      b.      A proposed deadline for the completion of fact discovery; and

      c.      A proposed date for trial.

**Response:** This case involves judicial review of agency action under the APA and will be processed as an appeal rather than by trial. The parties agree that there is no need to establish dates for discovery cut-off, expert disclosures, or trial. If any party subsequently determines that it might need discovery for any purpose, that party will make a motion for leave of the Court to conduct such discovery.

12.      Indicate any other matters peculiar or unique to this case, including discovery, that deserve the special attention of the Court at the Initial Pretrial Conference.

**Response:** None.

13.      The estimated length of trial and any suggestions for shortening the trial.

**Response:** The parties do not anticipate that a trial will be appropriate or required in this case challenging a federal agency action under the APA.

14.      The prospects for settlement (good, fair, or poor), including any request of the Court for assistance in settlement efforts.

**Response:** The parties do not believe settlement is likely in this case and do not foresee any benefits from requesting the Court's assistance in settlement efforts at this time. If the possibility of settlement appears beneficial in the future, the parties will discuss settlement and inform the Court of any developments at an appropriate juncture.

15. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner.

**Response:** The parties request that the Court set a briefing schedule that conforms to Local Rule 83.6(c). Once briefing has concluded, the parties request a hearing on the merits of Plaintiffs' claims.

Dated: November 13, 2022

/s/ *Megan Backsen, with permission*
Megan Backsen, *pro hac vice* granted
Western Watersheds Project
P.O. Box 6774
Reno, NV 89503
Tel: (719) 207-2493
Email: megan@westernwatersheds.org

Matthew Sandler, *pro hac vice* granted
Rocky Mountain Wild
1536 Wynkoop St. Suite 900
Denver, CO 80202
303-579-5162
matt@rockymountainwild.org

Jennifer Schwartz, *pro hac vice* granted
WildEarth Guardians
P.O. Box 12086
Portland, OR 97213
jschwartz@wildearthguardians.org

John Persell (WY Bar #7-4672)
309 N Holland St
Portland, OR 97217
(503) 896-6472
john.persell@gmail.com

/s/ *Erika Norman*
Erika Norman, *pro hac vice* granted
Senior Trial Attorney
Robert Norway, *pro hac vice* granted
Trial Attorney
Environment and Natural Resources Division
U.S. Department of Justice
150 M Street, NE
Washington, D.C. 20002
Tel: 202-305-0475 (Norman); 202-307-1145 (Norway)
Email: Erika.norman@usdoj.gov;
robert.m.norway@usdoj.gov

Jasmine M. Peters (WY Bar #7-5714)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY   82003-0668
Tel: 307-772-2124
jasmine.peters@usdoj.gov


*/s/ Travis Jordan, with permission*
Travis Jordan, WSB No. 7-5721
Senior Assistant Attorney General
Shannon Leininger, WSB No. 8-6932
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
(307) 777-7895 (phone)
(307) 777-3542 (fax)
travis.jordan@wyo.gov
shannon.leininger@wyo.gov

*Counsel for Intervenor-Defendant State of Wyoming*